***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Chrystal Redding Stanback, along with the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission adopts and affirms the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 5 June 2001 as:
 *********** STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The plaintiff was employed by the Defendant/Employer on March 5, 1992, the date of the plaintiff's injury by accident.
3. Defendant/Carrier is the carrier on risk for the claim.
4. The plaintiff's average weekly wage, including overtime and all allowances was $540.46 that results in a weekly compensation rate of $373.63.
5. On March 5, 1992, the plaintiff was injured by an accident arising out of and in the course and scope of his employment with the Defendant/Employer.
6. On said date, the plaintiff alleges that he injured his left lower extremity.
7. The parties agree to stipulate into evidence all medical records of the plaintiff's treatment relating to his alleged left lower extremity injury.
8. Documents stipulated into evidence include the following:
a. Stipulated Exhibit #1: The plaintiff's medical records
 b. Stipulated Exhibit #2: The plaintiff's vocational rehabilitation records
 c. Stipulated Exhibit #3: IC Form 21 approved by the Commission on April 27, 1992.
9. The parties further agreed that all issues on all Forms 33 are withdrawn with the exception of the issue of the plaintiff's permanent and total disability.
 *********** EVIDENTIARY RULINGS
The objections raised by counsel at the deposition taken in this matter are ruled upon in accordance with the law and the opinion in this Opinion and Award.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. On the date of the hearing in this matter, the plaintiff was 58 years old. The plaintiff had completed the seventh grade of school. He reads at a second grade level and performs math at a fourth grade level.
2. The plaintiff's prior work experience since he was 17 years old is that of brick mason. Other than working as a brick mason, the plaintiff has one year of experience working in a cotton mill.
3. For the 11 years prior to his injury, the plaintiff worked as a brick mason for the defendant. Other than his skill as a brick mason, the plaintiff has no special skills or licenses. Additionally, the plaintiff has a felony conviction for murder for which he spent twelve years in prison.
4. As a result of his admittedly compensable injury, the plaintiff has undergone six surgeries including an open reduction and internal fixation of his left hip, four arthroscopic surgeries on his left knee, a removal of the hardware from his hip, and a total joint replacement of his left knee.
5. Since the admittedly compensable injury in 1992, the plaintiff has been treated by Dr. Sandra Marie Abda. Dr. Abda gave the opinion that the plaintiff would not reach maximum medical improvement until approximately one year after his total joint replacement that was performed on January 30, 2001. She further gave the opinion that at that point he would retain a 40% permanent partial impairment to his knee, a 10% permanent partial impairment to his hip, and a 5% permanent partial impairment to his back. Dr. Abda was of the opinion that each of these impairments was due to his compensable injury.
6. Dr. Abda further gave the opinion that the plaintiff would never be able to return to any form of gainful employment.
7. The plaintiff has participated in vocational rehabilitation throughout his claim as directed by vocational rehabilitation counselors provided by the defendants. The plaintiff has also sought employment on his own, looking for over 300 jobs. All vocational efforts have been without success. The plaintiff has never been offered a job nor has a vocational counselor ever identified a job that was appropriate considering the plaintiff's age, education, work experience, and physical condition.
8. The plaintiff has to walk with a cane, is unable to walk on uneven ground, has difficulty with stairs, cannot stand or sit for prolonged periods of time, cannot walk for more than short distances, and cannot lift much weight. Based on these restrictions, the plaintiff cannot return to his former employment and the plaintiff's treating physician agrees.
9. The plaintiff has been found to have reached maximum medical improvement on a number of occasions after his surgeries. Although currently out of work after his total joint replacement, Dr. Abda is of the opinion that the plaintiff cannot return to work.
10. The greater weight of the evidence establishes that, as a result of his admittedly compensable injury, the plaintiff has been completely unable to earn any wages since March 5, 1992. The plaintiff is entitled to total disability compensation since that date.
11. The greater weight of the medical evidence establishes as a medical fact that the plaintiff is incapable of any employment as a consequence of his admittedly compensable injury. Therefore, the plaintiff is permanently and totally disabled under N.C. Gen. Stat. § 97-29 and is entitled to lifetime compensation and medical benefits.
12. The greater weight of all evidence, viewing the record as a whole, establishes that the plaintiff is incapable of earning wages in any employment. The plaintiff's total disability is permanent in light of the greater weight of the evidence in that it is continual, lasting, and indefinite. The defendants have failed to present evidence of any suitable employment the plaintiff can obtain considering his unique characteristics. The greater weight of the evidence establishes it would be futile for the plaintiff to seek other employment in his present condition.
13. Defendants had no reasonable basis for contending that vocational rehabilitation would be beneficial for plaintiff. As a result of defendant's unreasonable contention, plaintiff has incurred reasonable attorney's fees in the amount of $1,000.00.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff's injuries to his left hip, left knee, and back are as a result of his admittedly compensable injury by accident. N.C. Gen. Stat. § 97-2.
2. The defendants are obligated to provide to the plaintiff such medical treatment as is reasonably required as a result of the plaintiff's injury by accident to effect a cure, give relief, or lessen the plaintiff's disability. N.C. Gen. Stat. § 97-25.
3. As a result of his compensable injury by accident, the plaintiff has been totally disabled since March 5, 1992. N.C. Gen. Stat. § 97-29.
4. As a result of his injury by accident, the plaintiff is permanently and totally disabled. N.C. Gen. Stat. § 97-29.
5. As a result of his admittedly compensable injury by accident, the plaintiff is entitled to have paid by the defendants permanent and total disability compensation in the amount of $373.63 per week beginning March 5, 1992, subject to the attorneys fee awarded below, and continuing for the remainder of the plaintiff's lifetime or until further Order of the Commission. N.C. Gen. Stat. § 97-29.
6. Plaintiff is entitled to a reasonable attorney's fee as a result of defendant's unfounded litigiousness. G.S. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. The defendants shall pay to the plaintiff permanent and total disability compensation in the amount of $373.63 per week beginning March 5, 1992, subject to the attorney's fee awarded below in Paragraph 3, and continuing for the remainder of the plaintiff's lifetime.
2. The defendants shall provide for all reasonable and necessary medical treatment that was or is related to the plaintiff's compensable injury by accident for the remainder of the plaintiff's lifetime, to the extent such treatment tended or tends to effect a cure, give relief, or lessen the period of the plaintiff's disability.
3. The plaintiff's attorney is entitled to a reasonable attorneys fee of twenty-five (25%) percent of the amount owed the plaintiff herein. Accordingly, the defendants shall forward every fourth compensation check directly to the plaintiff's counsel of record.
4. Defendant shall pay plaintiff's counsel a reasonable attorney's fee of $1,000.00 pursuant to G.S. § 97-88.1.
5. The defendants shall bear the costs of this proceeding.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER